HARRAH v. AYRES.

Opinion delivered April 15, 1918.

1.  VENDOR'S LIEN—ARISES, WHEN.—A vendor's lien arises to secure purchase money, but does not arise to secure the performance of any act, the breach of which performance would make a claim for unliquidated damages.

2.  VENDOR'S LIEN—RENT—EXCHANGE OF LAND.—A. and B. exchanged lands; the transaction was delayed and A. collected rents upon the land to be conveyed by him, without accounting to B. therefor. *Held,* B. did not have a vendor's lien upon the lands conveyed by him for the amount of these rents.

---

*Act 313, page 744, Session Laws of 1907.   (Reporter.)

Appeal from Polk Chancery Court; *Jas. D. Shaver,* Chancellor; affirmed.

*Minor Pipkin,* for appellant.

1. Under the provisions of the contract appellant had a vendor's lien for the rents as part of the consideration for the exchange of lands. The deeds were placed *in escrow,* and until the performance of the conditions the title to the land was in appellant and he had a vendor's lien. 16 Cyc. 578 D; 10 R. C. L. 640, § 21.

*J. I. Alley,* for appellee.

1. Appellant had no vendor's lien for rents. Besides the claim was uncertain and unliquidated. 99 Ark. 444; 37 *Id.* 348; 67 *Id.* 526; 3 Pom. Eq. Jur. 251. The purchase money had all been paid.

2. The findings of the chancellor should not be reversed unless clearly against the facts. 92 Ark. 359, 535; 89 *Id.* 309; 78 *Id.* 275.

McCULLOCH, C. J. This action was instituted by appellant against appellee to enforce a lien on a quarter-section of land in Polk County. Appellant claimed the lien for a debt of $150, alleged to be due on the purchase price of the land. The land on which the lien is asserted was formerly owned by appellant, who conveyed it to appellee in exchange for certain lots situated in Chula Vista, California. The parties entered into a written contract for the exchange of said properties, which provided that deeds should be executed and deposited with a certain realty company in San Diego, California, to be kept until all the encumbrances on the Chula Vista property (excepting a certain mortgage which appellant was to assume) should be cleared, and that appellant was "to receive the rental of the Chula Vista property beginning March 1, 1914." The negotiations were conducted, on the part of appellee, by her husband, A. W. Ayres, who acted as her agent in executing the contract. There was delay in the final delivery of the deeds and in the meantime A. W. Ayres retained possession of the Chula Vista property

and upon final delivery of the deed he executed to appellant his note for $100, the accumulated rents then due. Rents thereafter accumulated in the additional sum of $50 and this, with the note executed by A. W. Ayres, made up the full amount, as we understand the testimony, of the sum for which appellant claims the lien. He claims the lien under said clause in the original contract providing that he should "receive the rental of the Chula Vista property beginning March 1, 1914." This court has decided that a vendor's lien "arises to secure the payment of the purchase money, but does not arise to secure the performance of any act, the breach of which performance would make a claim for unliquidated damages." *Harris* v. *Hanie,* 37 Ark. 348; *Salyers* v. *Smith,* 67 Ark. 526; *Jarratt* v. *Langston,* 99 Ark. 438.

In one of the cases above cited we quoted with approval the following rule stated by Prof. Pomeroy: "There must be a certain, ascertained, absolute debt owing for the purchase price; the lien does not exist in behalf of an uncertain, contingent or unliquidated demand." 3 Pomeroy, Eq. Jur. 1251.

Applying this rule to the case in hand, it is readily seen that no lien attached to the property, and the chancery court was correct in so deciding. Assuming that appellee's husband acted as her agent in retaining possession of the property after March 1, 1914, and in subsequently executing a note for the accumulated rent (which the evidence does not clearly show) the debt for the rents of the property did not constitute a part of the purchase money although the contract concerning the disposition of the rents was a part of the agreement for the exchange of the two properties. The contract merely provided that appellant should receive the rents after a certain date, and the agreement between A. W. Ayres and appellant that the former should remain in possession of the Chula Vista property and pay rent was collateral to the main contract. Therefore, the agreement to pay rent, even if it be treated as one executed by appellee through her agent, did not

make the rental price a part of the purchase price. For that reason, as well as the additional one that the amount was unliquidated at the time of the execution of the contract for exchange, no lien arises in equity on the real estate which was the subject-matter of the conveyance by appellant.

Decree affirmed.